

1
2
3
4

VICTOR LEE McNEARY, JR.
REG. NO. 23765-045
FCI SAFFORD
FEDERAL CORR. INSTITUTION
P.O. BOX 9000
SAFFORD, AZ 85548
Petitioner Appearing *Pro Se*

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

10

11

12

13

14

15

16

VICTOR LEE MCNEARY, JR.,

     Petitioner,

 vs.

WARDEN CAMPOS, Warden,
 FCI Safford,

     Respondent

Civil No. ___CV-21-00514-TUC-JAS--MSA___

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241**

17

18

  COMES Petitioner, VICTOR LEE MCNEARY, JR. ("McNeary"), appearing *pro se,* and in support of this memorandum would show as follows:

19

## I. JURISDICTION

20

21

22

23

24

25

26

  Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 2241, which confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(a) and (c)(3). A petition for habeas corpus under 28 U.S.C. § 2241 must be filed in the district of confinement. A federal prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255(e). See *Muth v. Fondren*, 676 F.3d 815 (9th Cir. 2012).

27

//

28

//

## II. STATEMENT OF THE GROUND FOR RELIEF

A.     Whether, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), McNeary's prosecution under 18 U.S.C. § 922(g) is null and void because the Government was not able to prove both that McNeary knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

B.     Whether, the District Court erred in classifying McNeary as an Armed Career Criminal based on his multiple prior sentences for robbery– which were counted as a single offense.

## III. STATEMENT OF THE CASE

On December 13, 2012, a grand jury sitting in the United States District Court for the Western District of Missouri, Central Division, returned a two (2) count Superseding Indictment charging McNeary. See Doc. 35.[1] Count 1s charged McNeary with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *Id.* Count 2s charged McNeary with Tampering with a Witness, in violation of 18 U.S.C. § 1512(b)(1). *Id.*

On October 21, 2013, a three-day jury trial commenced. See Doc. 99. On October 23, 2013, the grand jury returned a verdict of guilty as to Count 1s and not guilty on Count 2s. See Doc. 110.

A PSR was prepared, which recommended an offense level of 33, based upon a finding that McNeary was a career offender under § 4B1.4 of the Sentencing Guidelines because of his six (6) Missouri felony convictions for first degree robbery, and one attempted burglary. See PSR ¶ 16. His criminal history category was determined to be a VI by operation of the armed career criminal provision. See PSR

---

[1]     "Doc." refers to the Docket Report in the United States District Court for the Western District of Missouri, Central Division in Criminal No. 2:12-cr-04010-SRB-1, which is immediately followed by the Docket Entry Number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number. "CvDoc." refers to the Docket Report in the United States District Court for the Western District of Missouri, Central Division in Civil No.2:16-cv-04169-GAF, which is immediately followed by the Docket Entry Number.

¶ 39. A Guidelines range of 235 to 293 months' imprisonment was established, with a not less than 15 year minimum sentence on Count One. See PSR ¶ 81.

On June 12, 2015, McNeary was sentenced to be imprisoned for a total term of 180 months, 5 years of Supervised Release, no Fine or Restitution, and a Mandatory Special Assessment Fee of $100. See Docs. 124, 125. McNeary did not appeal his conviction through counsel, and his *pro se* appeal was denied as untimely. See Doc. 133.

On June 13, 2016, McNeary filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). See Doc. 135; CvDoc. 1. On June 15, 2016, the District Court appointed the Federal Public Defender to represent McNeary pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). On June 15, 2016, the Federal Public Defender filed a motion to withdraw, after determining that McNeary was not eligible for relief under *Johnson*. See CvDoc. 3. The Court granted the Federal Public Defender's motion to withdraw on June 16, 2016, and directed the Government to respond to McNeary's motion. See CvDocs. 5, 6. On March 13, 2018, the District Court denied McNeary's motion, and without issuing a Certificate of Appealability ("COA"). See Doc. 147.

## IV.   COGNIZABLE CLAIMS IN A PETITION FOR A WRIT OF HABEAS CORPUS UNDER § 2241

A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of § 2255(e)'s savings clause. See *Muth v. Fondren*, 676 F.3d 815 (9th Cir. 2012). The prisoner bears the burden of showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Alaimalo v. U.S.*, 636 F.3d 1092 (9th Cir. 2011). A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to meet this burden. See *Pack*, 218 F.3d at 452-53. Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time

3

when the claim should have been raised." *Reyes-Requena*, 243 F.3d at 904. A petition for habeas corpus under 28 U.S.C. § 2241 must be filed in the district of confinement. See *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). This Court has jurisdiction to hear a habeas corpus petition under 28 U.S.C. § 2241 because it is the closest U. S. District Court to where McNeary is incarcerated.

A petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause where the target of the petition is a sentence enhancement, not a conviction, by showing that he is "actually innocent." See *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law," (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions," (3) that is retroactive, and (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have convicted" the petitioner. *Hill,* 836 F.3d at 595.

## V. DISCUSSION

As a preliminary matter, McNeary respectfully requests that this Court be mindful that *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 611 F.3d 1202 (9th Cir. 2010); *Estelle v. Gamble*, 429 U.S. 97 (1976)(same); and *Haines v. Kerner*, 404 U.S. 519 (1972)(same).

**A.** **In Light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), McNeary's Prosecution Under 18 U.S.C. § 922(g) is Null and Void Because the Government Was Not Able to Prove Both That McNeary Knew He Possessed A Firearm and That He Knew He Belonged to the Relevant Category of Persons Barred From Possessing A Firearm.**

McNeary's sentence was driven by his conviction under 18 U.S.C. § 922(g). This judgment resulted in a 180-month sentence. As such, because he is actually innocent of said conviction, his felon in possession of a firearm charge should be

1    dismissed and his sentence should be vacated.

2        In *Rehaif*, the Supreme Court holds that, to convict a defendant of violating §
3    922(g) and § 924(a)(2), the government must show not only that the defendant knew
4    he possessed a firearm, but "also that he knew he had the relevant status when he
5    possessed it." Opinion ("Op.") at 1. The Court states: "We conclude that in a
6    prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove
7    both that the defendant knew he possessed a firearm and that he knew he belonged to
8    the relevant category of persons barred from possessing a firearm." See Opinion
9    ("Op.") at 11 (emphases added).

10        This holding was reached in a 7-2 decision in *Rehaif*, authored by Justice
11   Breyer. Justice Alito filed a dissenting opinion joined by Justice Thomas.

12        Petitioner Ali Rehaif came to the United States "on a nonimmigrant student visa
13   to attend university." Op. at 2. But "[a]fter he received poor grades," the university
14   dismissed him and "told him that his 'immigration status' would be terminated unless
15   he transferred to a different university or left the country." *Id.* Rehaif did neither, but
16   subsequently "visited a firing range, where he shot two firearms." *Id.* "The
17   Government learned about his target practice" and prosecuted him for possessing
18   firearms as an alien unlawfully in the United States, in violation of § 922(g) and §
19   924(a)(2). At Rehaif's trial, "the judge instructed the jury (over Rehaif's objection)
20   that the 'United States is not required to prove' that Rehaif 'knew that he was illegally
21   or unlawfully in the United States.'" Op. at 2. The jury convicted, and the Eleventh
22   Circuit affirmed. The Supreme Court reversed, ruling for Petitioner Rehaif.

23        Section 922(g) makes it a federal offense for nine categories of people to
24   possess firearms, "including felons [§ 922(g)(1)] and aliens who are 'illegally or
25   unlawfully in the United States.'" Op. at 1 (quoting 18 U.S.C. § 922(g) (5)(A)). "A
26   separate provision, § 924(a)(2), adds that anyone who 'knowingly violates' the first
27   provision shall be fined or imprisoned for up to 10 years." Op. at 1 (emphasis in
28   opinion).

1    That has now changed. The Supreme Court ruled that in a prosecution under 18
2    U.S.C. §§ 922(g) and 924(a)(2) (they go together), the Government must prove both
3    that the defendant knew he or she possessed a firearm and that the defendant knew he
4    or she knew he belonged to the relevant category of persons barred from possessing
5    a firearm.

6        Whether a criminal statute requires the government to prove that the defendant
7    acted knowingly, the Court said, is a question of congressional intent. There is a
8    longstanding presumption that Congress intends to require a defendant to possess a
9    culpable mental state regarding "each of the statutory elements that criminalize
10   otherwise innocent conduct." This is normally characterized as a "presumption in
11   favor of scienter."
12
13       In 922(g) and 924(a)(2), Justice Breyer wrote for the 7-2 decision, the statutory
14   text supports the presumption. It specifies that a defendant commits a crime if he or
15   she "knowingly" violates § 922(g), which makes possession of a firearm unlawful
16   when the following elements are satisfied: (1) a status element; (2) a possession
17   element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and
18   (4) a firearm element (a "firearm or ammunition"). Aside from the jurisdictional
19   element, the Court said, § 922(g)'s text "simply lists the elements that make a
20   defendant's behavior criminal. The term 'knowingly' is normally read 'as applying to
21   all the subsequently listed elements of the crime.' And the 'knowingly' requirement
22   clearly applies to 922(g)'s possession element, which follows the status element in the
23   statutory text. There is no basis for interpreting 'knowingly' as applying to the second
     922(g) element but not the first.

24       Notably, this issue won't just apply to people who are currently charged.
25   Typically, decisions like these also apply retroactively to people who are on direct
26   appeal from their convictions. That means many people currently languishing in
27   federal custody may have an opportunity to challenge their convictions—a deluge
28   federal courts experienced most recently when the court held that a commonly used

sentencing enhancement law was too vague to be enforceable. This case may not resonate solely at the federal level. Many states model their statutes on federal law, and may find themselves bound to follow the Supreme Court's interpretation where the language is identical.

The Court concluded that the term "knowingly" in § 924(a) provides the *mens rea* for a violation of § 922(g). "The term 'knowingly' in § 924(a)(2) modifies the verb 'violates' and its direct object, which in this case is § 922(g)." Op. at 4. And "§ 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, 'being an alien … illegally or unlawfully in the United States'); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." Op. at 4. So, the jurisdictional element aside, "the text of § 922(g) simply lists the elements that make a defendant's behavior criminal." Op at 4. And those material, non-jurisdictional, elements (of a § 922(g) offense) are: prohibited status, possession, and the element that the thing possessed qualifies as a firearm or ammunition.

The Court concluded that, "by specifying that a defendant may be convicted only if he 'knowingly violates' § 922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of § 922(g)." Op. at 5. Thus, "[a] defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." Op. at 9.

The Court said it expressed "no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." Op. at 11-12.

But the Opinion provides two hypotheticals where a reasonable doubt could arise about the defendant's knowledge of his or her status as a prohibited person. For example, if § 922(g) and § 924(a)(2) were construed to require no knowledge of status

— the Court explained — the statutes could "apply to an alien who was brought into the United States unlawfully as a small child and was therefore unaware of his unlawful status." Op. at 7-8. "Or these provisions might apply to a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is 'punishable by imprisonment for a term exceeding one year.'" Op. at 8 (emphasis in opinion) (quoting § 922(g)(1)).

Justice Alito disagreed with how the majority construed § 922(g) and § 924(a)(2). Dissent, Alito, J., at 4-23. He states that the majority opinion requires the government to establish the defendant "actually knew" about his or her prohibited status, id. at 15, and hence, according to the dissent, defendants could "escape liability under [§ 922(g)] by deliberately failing to verify their status." Dissent, Alito, J., at 15-16. However, a conscious-avoidance instruction would appear to address the act of "deliberately failing to verify" one's status.

Justice Alito makes one point of interest to defense counsel because prosecutors may try to act on it. He asserts that the majority opinion "may work to a § 922(g) defendant's detriment" because "if the prosecution must prove such knowledge [of a prior felony conviction] to the satisfaction of a jury, then under our decision in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), it is questionable whether a defendant, by offering to stipulate that he has a prior conviction, can prevent the prosecution from offering evidence about the nature of that offense." Op. at 16. According to Justice Alito, "if a defendant's knowledge is now necessary, the logic of *Old Chief* is undermined." Op. at 17.

However, if the defendant also stipulates to having knowledge that the prior conviction was a felony (i.e., punishable by more than a year in prison), there doesn't seem to be a basis for an argument that Old Chief doesn't apply. Also, as the dissent states: "A felony conviction is almost always followed by imprisonment, parole or its equivalent, or at least a fine. Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove

that the defendant knew that he had a prior felony conviction will do little for defendants." Op. at 16. So it wouldn't seem necessary to tell jurors about the nature of the prior conviction. However, this issue could arise at trial and should be anticipated.

Justice Alito appears to provide the principal take-away for this case. He states that the majority's opinion offers a number of litigation options for people "currently serving sentences for violating 18 U.S.C. § 922(g)." Dissent, Alito, J., at 23. "Those for whom direct review has not ended will likely be entitled to a new trial. Others may move to have their convictions vacated under 28 U.S.C. § 2255, and those within the statute of limitations will be entitled to relief if they can show that they are actually innocent of violating § 922(g), which will be the case if they did not know that they fell into one of the categories of persons to whom the offense applies. *Bousley v. United States*, 523 U.S. 614, 618–619, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)." See Dissent, Alito, J., at 23. And "[i]f a prisoner asserts that he lacked that knowledge and therefore was actually innocent, the district courts, in a great many cases, may be required to hold a hearing, order that the prisoner be brought to court from a distant place of confinement, and make a credibility determination as to the prisoner's subjective mental state at the time of the crime, which may have occurred years in the past." *Id.*

In *United States v. Gary*, ___ F.3d ___, 2020 WL 1443528 (4th Cir. Mar. 25, 2020), the court held the failure to advise a defendant of the *Rehaif* element at his guilty plea is "a structural error that requires the *vacatur* of [his] guilty plea and conviction" on plain error review. *Id.* at *4. This is so even if the defendant previously served more than a year in prison.

As the Fourth Circuit explained, "the Supreme Court has recognized that a conviction based on a constitutionally invalid guilty plea cannot be saved 'even by overwhelming evidence that the defendant would have pleaded guilty regardless.'" *Id.* at *5 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004)).

And a guilty plea "does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 618 (1998)). Thus, the error of not informing a defendant who pleads guilty to § 922(g) that the statute requires that he "knew he belonged to the relevant category of persons barred from possessing a firearm," *Rehaif*, 139 S. Ct. at 2200, falls into "'a special category of forfeited errors that can be corrected regardless of their effect on the outcome,' [as] 'not in every case' does a defendant have to 'make a specific showing of prejudice to satisfy the "affecting substantial rights" prong'" of plain error review. *Gary*, 2020 WL 1443528, at *6 (quoting *United States v. Olano*, 507 U.S. 725, 735 (1993)). "Such errors are referred to as 'structural' because they are 'fundamental flaws' that 'undermine[] the structural integrity of [a] criminal tribunal.'" *Id.* (quoting *Vasquez v. Hillery*, 474 U.S. 254, 263-64 (1986)).

"[S]uch errors necessarily affect substantial rights." *Id.* at *7. Indeed, "the district court failed to inform Gary that knowledge of his prohibited status was an element of the offense, denying him any opportunity to decide whether he could or desired to mount a defense to this element of his § 922(g)(1) charges— as it was his sole right to do. Thus, in accepting his uninformed plea, the court denied Gary's right to make a knowing and intelligent decision regarding his own defense." *Id.* at *8. "To allow a district court to accept a guilty plea from a defendant who has not been given notice of an element of the offense in violation of his Fifth Amendment due process rights 'would surely cast doubt upon the integrity of our judicial process.' We cannot envision a circumstance where, faced with such constitutional infirmity and deprivation of rights as presented in this case, we would not exercise our discretion to recognize the error and grant relief." *Id.* at *9 (citation omitted).

See *Parks v. United States*, 767 F. App'x 509 (4th Cir. 2019). Petitioner was convicted under 18 U.S.C. §§ 922(g) and 924, which prohibit "knowingly possessing a firearm after having been convicted of a crime punishable by a term of imprisonment

exceeding one year." Petitioner was sentenced to twenty-four months following the revocation of his supervised release, and he was additionally charged under §§ 922(g) and 924 for the same firearm possession. Petitioner filed a motion to dismiss the indictment, arguing double jeopardy. The district court denied the motion, citing *Johnson v. United States*, 529 U.S. 694 (2000), and *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996). Petitioner appealed his conviction to the Fourth Circuit, which held that *Woodrup* precluded Petitioner's double jeopardy argument. The Supreme Court previously ruled in *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019), that the state must prove defendants knew both (1) that they were in possession of a firearm and (2) that they held the relevant status at the time of possession. Petitioner asks the Court to reverse the Fourth Circuit because it erred by not applying Rehaif as the controlling precedent. The Court granted certiorari and issued an order to vacate the judgment and remand to the Court of Appeals for the Fourth Circuit for further consideration in light of *Rehaif v. United States*, 588 U. S. ___ (2019). VACATED and REMANDED.

See also *United States v. Blair Cook*, No. 18-1343 (7th Cir. 2020). ROVNER, Circuit Judge. A jury convicted Blair Cook of being an unlawful user of a controlled substance (marijuana) in possession of a firearm and ammunition. See 18 U.S.C. §§ 922(g)(3) (proscribing possession of firearm by unlawful user of controlled substance), 924(a)(2)(specifying penalties for one who "knowingly" violates section 922(g)). Cook appealed his conviction, contending that the statute underlying his conviction is facially vague, that it improperly limits his Second Amendment right to possess a firearm, and that the district court did not properly instruct the jury as to who constitutes an unlawful user of a controlled substance. We affirmed Cook's conviction. *United States v. Cook*, 914 F.3d 545 (7th Cir. 2019). The Supreme Court subsequently held in *Rehaif v. United States*, 139 S. Ct. 2191, 2194, 2200 (2019), that the knowledge element of section 924(a)(2) requires the government to show that the defendant knew not only that he possessed a firearm, but that he belonged to the

relevant category of persons barred from possessing a firearm. Consistent with the prior case law of this court, the superseding indictment in this case did not allege, nor the jury instructions advise the jury that it must find, that Cook knew he was an unlawful user of a controlled substance. Cook's petition for a writ of certiorari was pending at the time that Court was considering *Rehaif*, and Cook had suggested that if the Court in *Rehaif* expanded the knowledge requirement of section 924(a)(2) to include knowledge of one's status, the Court ought to remand his case for further proceedings. Petition for Writ of Certiorari at 25–26, *Cook v. United States*, No. 18-9707 (U.S. June 12, 2019). The Court subsequently granted Cook's petition, vacated our decision sustaining his conviction, and remanded for reconsideration in light of *Rehaif*, as Cook had asked it to do. *Cook v. United States*, 140 S. Ct. 41 (Oct. 7, 2019).Upon reconsideration, we now reincorporate our previous decision, with minor modifications, rejecting Cook's vagueness and Second Amendment challenges to section 922(g)(3) along with his objection to the jury instruction on who constitutes an unlawful user of a controlled substance. But in light of *Rehaif*, we conclude that Cook is entitled to a new trial.

*Rehaif* is substantially relevant in regard to McNeary's arguments– making clear indication that the interpretation of statutes by district courts are contrary to the Congress' intent. Further, the statutes are too ambiguous to secure a conviction. The same applies to McNeary's circumstance.

In light of *Rehaif*, McNeary's prosecution under 18 U.S.C. § 922(g) is null and void because the government was not able to prove both that McNeary knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

//
//
//

### B.   **The District Court Erred in Classifying McNeary as an Armed Career Criminal Based on His Multiple Prior Sentences-- Which Were Counted as a Single Offense.**

McNeary argues that his prior convictions do not qualify as predicate offenses under the ACCA guideline for reasons stated as follows:

Under Section 4A1.2(a), a "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." USSG §4A1.2(a)(1). The term "prior sentence" "is not directed at the chronology of the conduct, but the chronology of the sentencing." *Mitchell v. United States*, 2016 U.S. Dist. LEXIS 21923 (S.D. Ala. Jan. 8, 2016).

*Multiple prior sentences.* Prior sentences are always counted separately if the offenses were separated by an intervening arrest (the defendant is arrested for the first offense prior to committing the second offense). Section 4A1.2(a)(2) states that "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." USSG § 4A1.2(a)(2). For purposes of scoring criminal history points, if prior sentences are counted as a single sentence and concurrent sentences are imposed, the longest sentence of imprisonment dictates the point total. *Id.*

Under § 4A1.1(a) or (b), points are added for each prior "sentence of imprisonment." Section 4A 1.2(b)(1) defines "sentence of imprisonment" as a sentence of incarceration with reference to the maximum imposed. In commentary, the Commission states that, to qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such a sentence or if the defendant escaped, must have escaped from a sentence that he or she would have been required to serve." The amount of time counted is the stated maximum of the imposed sentence, irrespective of whether the entire term was served, or whether the term pronounced was a determinate or indeterminate term." A sentence imposed in the alternative, with a fine or other non-incarcerative disposition as an alternative to a term of

imprisonment, does not count as a sentence of imprisonment." A conviction where the imposition of sentence was totally suspended or stayed is counted as a prior sentence under § 4A1.1(c), and thus results in one criminal history point.

The First Circuit ordered similar remands in at least two prior decisions. See *United States v. Ahrendt*, 560 F.3d 69 (1st Cir. 2009); *United States v. Godin*, 522 F.3d 133 (1st Cir. 2008). *Godin* and *Ahrendt* involved challenges to the district court's refusal to "group" certain prior offenses for purposes of calculating the Guideline Sentencing Range ("GSR"). When the defendants had been sentenced, the applicable guideline provided that prior offenses were to be counted separately unless they "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." *Ahrendt*, 560 F.3d at 78 (quoting U.S.S.G. §4A1.2(a)(2) cmt. n.3 (2004)). In both cases, the First Circuit concluded that the district court had correctly applied that guideline provision. While the appeals were pending, however, the Sentencing Commission adopted a non-retroactive amendment under which prior offenses were to be counted as one if "the sentences were imposed on the same day." *Id.* at 79 (quoting USSG §4A1.2(a)(2)) (emphasis omitted). In both *Godin* and *Ahrendt*, the defendants' prior offenses would have been grouped together under this amended provision. We recognized that, because the amendment was non-retroactive, "neither defendant was entitled . . . to a remand because neither could show that an error occurred at sentencing." *Id.* at 80. Notwithstanding the lack of error, we deemed it prudent to remand, *id.*, to allow the sentencing judge the opportunity "to consider the Commission's current thinking," as reflected in the amendment, *Godin*, 522 F.3d at 136. In the recent case, *United States v. Rodriguez-Rosado* (1st Cir. 2017), which was decided on April 19, 2017, the First Circuit granted the same judgment - vacated the district court's orders denying Rodriguez-Rosado motion to reduce sentence and remand for further proceedings. Such a remand will allow the court to benefit from the wealth of experience that it has

gained adjudicating motions to reduce sentences pursuant to AD 14-426. This process was brand-new when the court ruled on Rodriguez-Rosado's motion. Remand will also foster confidence in the judicial system by ensuring that Rodriguez-Rosado's motion is handled similarly to those of his ten co-defendants who were potentially eligible for a sentence reduction. The question of whether to grant a sentence reduction "is a matter [Congress] committed to the sentencing court's sound discretion." *United States v. Zayas-Ortiz*, 808 F.3d 520, 523 (1st Cir. 2015) (alteration in original) (citation omitted).

In this case, McNeary's six (6) felony convictions upon which the district court relied– first degree robbery allege that he forcibly stole money, jewelry, an automobile or a purse, and in each case he displayed and threatened the use of what appeared to be a deadly weapon. [PSR ¶¶ 25-27; see also Exhibit 1 (two counts of robbery first degree); Exhibit 2 (three counts of robbery first degree); and Exhibit 3 (one count of robbery first degree).

**Fact:** The Probation Officer, in the PSR, clearly states that, Case No. 941-02488: "Pursuant to 4A1.2(a)(2)(B), these counts of conviction are counted as a single offense in relation to Case No. 941-02484, as they were not separated by an intervening arrest and the sentences were imposed on the same date; and Case No. 94CR-04238: "Pursuant to 4A1.2(a)(2)(B), these counts of conviction are counted as a single offense in relation to Case No. 94CR-04667, as they were not separated by an intervening arrest and the sentences were imposed on the same date. See PSR ¶¶ 26-27.

**Note:** The Government and the Probation Officer took one of the robberies that were ran concurrent and imposed on the same date [even after noting that none of the crimes were separated by an intervening arrest]– used it to fit their cause to impose the ACCA enhancement against McNeary. See Exhibit 4.

In summary, the District Court erred when it classified McNeary as an armed career criminal, when he does not have the required three (3) prior convictions for a "violent felony" or a "serious drug offense." Hence, McNeary is "actually innocent," and his sentence was erroneously enhanced pursuant to Section 4B1.4.

Finally, McNeary asserts that the judgment based on a null and void conviction and/or erroneous ACCA enhancement, resulted in a 180-month sentence. If so, this could be deemed a miscarriage of justice.

## VI. CONCLUSION

For the above and foregoing reasons, McNeary's sentence should be vacated for resentencing. In the alternative, an evidentiary hearing should be held so that McNeary may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

Respectfully submitted,

Dated: November 16, 2021

VICTOR LEE MCNEARY
REG. NO. 23765-045
FCI SAFFORD
FEDERAL CORR. INSTITUTION
P.O. BOX 9000
SAFFORD, AZ 85548

16

CERTIFICATE OF SERVICE

I certify that on November 16, 2021, a true and correct copy of the Petition For A Writ Of Habeas Corpus Under 28 U.S.C. §2241 was served by U.S. Postal Service, Certified Mail and internal mail on:

28 U.S.C. § 1746

MS. DEBRA D. LUCAS
Clerk of Court
U.S. District Court
District of Arizona
Tucson Division
405 W. Congress Street, Suite 1500
Tucson, AZ 85701-5010


WARDEN CAMPOS
Warden
FCI Safford
1529 W. US Hwy 366
Safford, AZ 85546

Victor Lee McNeary, Jr.
Reg. No. 23765-045
P.O. Box 9000
Safford, AZ 85548

**<u>EXHIBIT 1:</u>**
**"Information in Case No. 94CR-004238"**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

-VS-

Victor L McNeary Jr          RACE: Black       SSN:      490-█████
10328 Lord Drive             SEX:  Male        OCN:
St. Louis, Mo. 63136         DOB:  ████████75  CASE ID:MC27222
                             HT:   5'11"       RPT NO: 94-251117
                             WT:   165 lbs.    CT. NO: 94CR-004238
                             P.D.: St. Louis County
                             ORI NUMBER: MO950000

Defendant

## CHARGES

COUNT 01:  ROBBERY IN THE FIRST DEGREE - CLASS A FELONY
COUNT 02:  ARMED CRIMINAL ACTION - FELONY
COUNT 03:  ROBBERY IN THE FIRST DEGREE - CLASS A FELONY
COUNT 04:  ARMED CRIMINAL ACTION - FELONY

## INFORMATION

State of Missouri   )
                    ) SS
County of St. Louis )

The Prosecuting Attorney of the County of St. Louis, State of Missouri, charges:

COUNT 01:  ROBBERY IN THE FIRST DEGREE - CLASS A FELONY

That Victor L. McNeary, Jr., in violation of Section 569.020 RSMo., committed the class A felony of robbery in the first degree, punishable upon conviction under Section 558.011.1(1) RSMo., in that, on or about Monday, July 18, 1994, at approximateluy 9:40 A.M., at 1955 Chambers Road, in the County of St. Louis, State of Missouri, Victor L. McNeary, Jr. forcibly stole money in the charge of Charlotte Ray, and in the course thereof Victor L. McNeary, Jr. displayed what appeared to be a deadly weapon.

1201099.0

COUNT 02:  ARMED CRIMINAL ACTION - FELONY

That Victor L. McNeary, Jr., in violation of Section 571.015 RSMo., committed the felony of armed criminal action, punishable upon conviction under 571.015.1 RSMo., in



that, on or about Monday, July 18, 1994, at approximateluy
9:40 A.M., at 1955 Chambers Road, in the County of St.
Louis, State of Missouri, the defendant committed the felony
of robbery in the first degree as charged in Count 01, all
allegations of which are incorporated herein by reference,
and the defendant committed the foregoing felony of robbery
in the first degree by, with and through the use, assistance
and aid of a deadly weapon.

3101099.0

COUNT 03:   ROBBERY IN THE FIRST DEGREE - CLASS A FELONY

That Victor L. McNeary, Jr., in violation of Section
569.020 RSMo., committed the class A felony of robbery in
the first degree, punishable upon conviction under Section
558.011.1(1) RSMo., in that, on or about Friday, July 22,
1994, at approximately 8:19 A.M., at 1955 Chambers Road, in
the County of St. Louis, State of Missouri, Victor L.
McNeary, Jr. forcibly stole money in the charge of Charlotte
Ray, and in the course thereof Victor L. McNeary, Jr.
displayed what appeared to be a deadly weapon.

1201099.0

COUNT 04:   ARMED CRIMINAL ACTION - FELONY

That Victor L. McNeary, Jr., in violation of Section
571.015 RSMo., committed the felony of armed criminal
action, punishable upon conviction under 571.015.1 RSMo., in
that, on or about Friday, July 22, 1994, at approximately
8:19 A.M., at 1955 Chambers Road, in the County of St.
Louis, State of Missouri, the defendant committed the felony
of robbery in the first degree as charged in Count 03, all
allegations of which are incorporated herein by reference,
and the defendant committed the foregoing felony of robbery
in the first degree by, with and through the use, assistance
and aid of a deadly weapon.

3101099.0

_Clarence T. Smallwood_
**Assistant Prosecuting Attorney**

_Clarence T. Smallwood_, Assistant Prosecuting Attorney, says
that the facts stated in the above information are true, according to the
information and belief of the said Assistant Prosecuting Attorney.

_Clarence T. Smallwood_
**Assistant Prosecuting Attorney**

I certify and attest that the above is a true copy of the original record of the Court in case number _21942-04238-d_ as it appears on file in my office.

Issued

_2- 27- 2012_



**JOAN M. GILMER,** Circuit Clerk
St. Louis County Circuit Court

By

Deputy Clerk

CCOPR36   Rev. 06/00

**<u>EXHIBIT 2:</u>**
**"Indictment in Case No. 941-2488"**

MISSOURI CIRCUIT COURT - TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

| | |
|---|---|
| **STATE OF MISSOURI**<br>**VS**<br>**MCNEARY, VICTOR** | |

| | | |
|---|---|---|
| DIV #:<br>DESTINATION: GRJURY | CA#: F65821 | CAUSE#:<br>941-2488    4 |

**D E F E N D A N T   I N F O R M A T I O N**

ADDRESS:   10328 LORD
           ST LOUIS, MO   63136

| PEDIGREE: RACE: B | DOB: ████/1975 | HGT: 600 |
|---|---|---|
| SEX: M | AGE:  19 | WGT: 175 |

ID #S:   COMPLAINT#: 94-112210          LID: 248958
         ARREST#: 94/007606  Dist: 9   OCN:

ALIASES:

SSNS:  490-████

CHARGES(S):

1. CNT: 01      ROBBERY FIRST DEGREE (Class A Felony)
2. CNT: 02      ROBBERY FIRST DEGREE (Class A Felony)
3. CNT: 03      ROBBERY FIRST DEGREE (Class A Felony)

WITNESSES:



1051
2786

**FILED**
**OCT 1 8 1994**
MAVIS T. THOMPSON
CLERK, CIRCUIT COURT
BY _____ DEPUTY

STATE OF MISSOURI  ) ss          INDICTMENT
CITY OF ST. LOUIS  )

COUNT I
The Grand Jurors of the City of St. Louis, State of Missouri, charge that the
defendant, in violation of Section 569.020, RSMo, committed the class A
felony of robbery in the first degree, punishable upon conviction under
Section 558.011.1(1), RSMo, in that on the 28th day of July, 1994, in the
City of St. Louis, State of Missouri, the defendant forcibly stole jewelry
owned by LORNA VAN HOOK, and in the course thereof defendant displayed and
threatened the use of what appeared to be a deadly weapon.

PAGE 1 OF 2

## COUNT II

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 569.020, RSMo, committed the class A felony of robbery in the first degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that on the 25th day of July, 1994, in the City of St. Louis, State of Missouri, the defendant forcibly stole an automobile, to-wit: a 1981 Chevrolet Sedan, and a purse in the possession of OTELLIA MCGREE, and in the course thereof defendant displayed and threatened the use of what appeared to be a deadly weapon.

## COUNT III

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 569.020, RSMo, committed the class A felony of robbery in the first degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that on the 25th day of July, 1994, in the City of St. Louis, State of Missouri, the defendant forcibly stole a purse and U.S. Currency owned by VERONICA RALEY, and in the course thereof defendant displayed and threatened the use of what appeared to be a deadly weapon.

A true bill

_____
Foreman

DEE JOYCE HAYES
Circuit Attorney
of the City of St. Louis,
State of Missouri, by

_Virginia Masuik_
Assistant Circuit Attorney

Received and filed _October 18 1994_ and bail set at $ _40,000.00_

_____
Circuit Judge

r:CK

65821 - VICTOR MCNEARY

FILED
OCT 18 1994

MAVIS T. THOMPSON
CLERK, CIRCUIT COURT
DEPUTY

**STATE OF MISSOURI** )
)ss

**CITY OF ST. LOUIS** )

    I, M. JANE SCHWEITZER, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case
**PLEADINGS**

St. Louis City case number    22941-02488

    WITNESS my hand and SEAL of said Court this 24TH, Day of FEBRUARY, 2012.

                                **M. Jane Schweitzer**
                                **Circuit Clerk**

                            **By:** *Patricia M. Donohue*
                            **Deputy Clerk**



**SEAL of the CIRCUIT COURT**

**<u>EXHIBIT 3:</u>**
**"Indictment in Case No. 941-2484"**

MISSOURI CIRCUIT COURT — TWENTY-SECOND JUDICIAL CIRCUIT
(ST. LOUIS CITY)

STATE OF MISSOURI
VS
MCNEARY, VICTOR

| DIV #: | CA#: F65817 | CAUSE#: |
|---|---|---|
| DESTINATION: GRJURY | | 941-2484  5 |

**D E F E N D A N T   I N F O R M A T I O N**

| ADDRESS: | 10328 LORD | | |
|---|---|---|---|
| | ST LOUIS, MO   63136 | | |

| PEDIGREE: RACE: B | DOB: ██████1975 | HGT: 600 |
|---|---|---|
| SEX: M | AGE: 19 | WGT: 175 |

| ID #S: | COMPLAINT#: 94-111998 | LID: 248958 |
|---|---|---|
| | ARREST#: 94/002103  Dist: 9 | OCN: 9214982█ |

ALIASES:

SSNS:   490-█-████

FILED

AUG 23 1994

MAVIS T. THOMPSON
CLERK, CIRCUIT COURT
BY _____ DEPUTY

CHARGES(S):

01. CNT: 01        ROBBERY FIRST DEGREE (Class A Felony)

WITNESSES:

| ██████████ | 1051 | BERRY, WALTER |
|---|---|---|
| ██████████ | 2786 | NELSON, RAYMOND |
| ██████████ | 3430 | |
| ██████████ | 4168 | |

| STATE OF MISSOURI | ) SS | INDICTMENT |
|---|---|---|
| CITY OF ST. LOUIS | ) | |

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the
defendant, in violation of Section 569.020, RSMo, committed the class A
felony of robbery in the first degree, punishable upon conviction under
Section 558.011.1(1), RSMo, in that on the 29th day of July, 1994, in the
City of St. Louis, State of Missouri, the defendant forcibly stole a vehilce
in the charge of MR. NELSON, and in the course thereof defendant displayed or
threatened the use of what appeared to be a deadly weapon.

A true bill
_Lawrence Wallace_
Foreman

DEE JOYCE HAYES
Circuit Attorney
of the City of St. Louis,
State of Missouri, by
_Virginia Wasule_
Assistant Circuit Attorney

Received and filed ___August 23, 1994___ and bail set at $ 30,000 Secure

_____
Circuit Judge

T:CK

**STATE OF MISSOURI**      )
                                    )ss

**CITY OF ST. LOUIS**         )

        I, **M. JANE SCHWEITZER**, Clerk of the Circuit Court within and for the City of St. Louis, State of Missouri, do hereby certify that the foregoing are true copies of original documents on files and recorded in my office for the following case

**PLEADINGS**

St. Louis City case number  **22941-02484**

        **WITNESS** my hand and **SEAL** of said Court this 24th , Day  of **FEBRUARY, 2012.**

                                   **M. Jane Schweitzer**
                                   **Circuit Clerk**

                                 **By:**
                                 **Deputy Clerk**



**SEAL of the CIRCUIT COURT**

**<u>EXHIBIT 4:</u>**
**"Criminal Complaint and Affidavit of Charles H. Tomlin"**

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Western District of Missouri

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  12-3005-W-01 |
| | ) | |
| Victor Lee McNeary, Jr. | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ December 11, 2011 _____ in the county of _____ Boone _____ in the
_____ Western _____ District of _____ Missouri _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Being a felon in possession of a firearm (see attached charge). |

This criminal complaint is based on these facts:

See affidavit of ATF S/A Charles H. Tomlin, attached hereto and made a part hereof for all purposes.

☑ Continued on the attached sheet.

_____
/s/
*Complainant's signature*

ATF S/A Charles H. Tomlin
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 02/14/2012 _____

_____
/s/
*Judge's signature*

City and state: _____ Jefferson City, Missouri _____

Matt J. Whitworth, United States Magistrate Judge
*Printed name and title*

(Felon in Possession of a Firearm)

On or about December 11, 2011, in Boone County, in the Western District of Missouri, VICTOR LEE MCNEARY, JR., defendant, having been previously convicted of a crime punishable for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, that is, a Smith & Wesson, 380 handgun, serial number EAP1374.

Prior to the possession, the Defendant had been convicted of the following crimes (felonies), punishable for a term exceeding one year, in the courts named, and on or about the dates stated:

1) On or about June 23, 1995, in the 21st Circuit Court, Clayton, Missouri, the defendant was convicted of two counts of felony robbery and two counts of felony armed criminal action, in case number 2194R-04238-01;

2) On or about June 23, 1995, in the 21st Judicial Circuit Court, Clayton, Missouri, the defendant was convicted of felony tampering with service of utility, in case number 2194R-02383-01;

3) On or about June 23, 1995, in the 21st Judicial Circuit Court, Clayton, Missouri, the defendant was convicted of felony tampering with a motor vehicle in case number 2193R-06910-01;

4) On or about June 23, 1995, in the 21st Judicial Circuit Court, Clayton, Missouri, the defendant was convicted of felony attempted burglary in case number 2194R-04667-01;

5) On or about September 29, 1995, in the 22nd Judicial Circuit Court. St. Louis, Missouri, the defendant was convicted of three counts of felony robbery in case number 22941-02488-01; and

6) On or about September 29, 1995, in the 22nd Judicial Circuit Court St. Louis, Missouri, the defendant was convicted of felony robbery in case number 22941-02484-01.

**AFFIDAVIT**
of
**CHARLES H. TOMLIN**
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

I, Charles H. Tomlin, being first duly sworn, do hereby depose and state.

1.     I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, currently assigned to the Resident Office, Jefferson City, Missouri. I have been employed since May 2008 as an investigator of federal firearms and explosives violations. I have five years of previous law enforcement experience. I am assigned to investigate certain violations of federal law, including violations of Title 18, United States Code, Section 922(g)(1). I have investigated this matter with ATF Special Agent Craig Holloway, Columbia, Missouri Police Department Detective Jonathan Hagar, and other members of the Columbia, Missouri Police Department. The information in this affidavit is either personally known to me or represents the collective knowledge of the investigating team 

2.     I know from my previous training and experience that, pursuant to Title 18, United States Code, Section 922(g)(1), it is illegal for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3.    This affidavit is in support of a criminal complaint charging VICTOR LEE MCNEARY, JR. with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

4.    The facts set forth in this affidavit are based upon information I have gained through my investigation, training and experience, as well as information from other federal law enforcement officers and local and/or state law enforcement officers, all of whom I believe to be reliable.  Since this affidavit is being submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that evidence of a violation of Title 18, United States Code, Section 922(g)(1), was committed by VICTOR LEE MCNEARY, JR

5.    On December 11, 2011, at approximately 1:00 a.m. <u>Columbia</u> <u>Police Officer Mathew Hibler</u> responded to a disturbance at Swan Lake Restaurant, 10 Southampton Drive.  Officer Hibler was informed by the bouncers at that location that VICTOR MCNEARY had been in possession of a handgun but had left the scene.

*arresting officer*

6.    Officer Sara Mosley observed a white 2011 Cadillac believed to be the suspect vehicle at a McDonald's at 500 Nifong. Officer Hibler responded there and located the vehicle which was empty.  Directly next to that car was a white vehicle that

2

contained MCNEARY along with others.

7.    Officer Hibler asked MCNEARY if there was a disturbance at 1° South Hampton Drive and MCNEARY voluntarily exited the vehicle to speak with the officer.  Officer Hibler asked MCNEARY if he could search him because he was told MCNEARY had a handgun. MCNEARY consented to a search of his person and Officer Hibler located a Smith & Wesson, 380 handgun, serial number EAP1374 in MCNEARY's coat pocket.  Officer Hibler asked MCNEARY if he was a convicted felon and MCNEARY stated he was.   MCNEARY was then transported to the Columbia Police Department.

8.    In a post Miranda statement MCNEARY said that his girlfriend was involved in a disturbance.  MCNEARY said that during the disturbance his girlfriend pulled out her firearm which MCNEARY said he grabbed from her to prevent her from using it.

9.    Officer Jonathan Logan interviewed Ali Rastkar and Johnny Bethea who were working security for Swan Lake Restaurant that night.  Rastkar stated that he had known MCNEARY for the past year and a half.  On the night of 12/11/11 he was working the front door of Swan Lake and Bethea was handling the parking lot.  Rastkar said MCNEARY had started a fight inside the club and was escorted out. MCNEARY started another fight in the parking lot which Rastkar said he broke up and told MCNEARY it was time for him to leave.  Rastkar said MCNEARY tried to run back into the club and tried to pick a fight with one of the security members.   Rastkar said MCNEARY

3

started walking back towards his cream colored Cadillac that was parked across the street and continued to yell and scream, along with his girlfriend who was also yelling and screaming. Rastkar said as MCNEARY got closer to his car he started yelling that he was going to get a gun. Rastkar observed MCNEARY enter the vehicle through the passenger side and pull a small black semi-automatic handgun from the vehicle. Rastkar said the parking lot where MCNEARY was parked was well lit and that he could clearly see MCNEARY holding the gun. Rastkar stated he was not surprised that MCNEARY had a gun and that when MCNEARY was working a security detail he always had a gun on him. MCNEARY left shortly after by himself and Rastkar called the police.

10.   Bethea told Officer Logan that he was working the parking lot area of the club that night and observed MCNEARY walking towards his vehicle yelling he was going to get a gun. Bethea observed MCNEARY get into his vehicle and saw something in MCNEARY's hand but could not see well enough to tell if it was a gun. Bethea heard other people saying that MCNEARY had a gun. Bethea observed MCNEARY leave in a cream colored Cadillac by himself.

11.   On February 10, 2012, SA Craig Holloway researched the Smith & Wesson, 380 caliber semi-automatic handgun, serial number EAP 1374, and determined it was not manufactured in the State of Missouri.

4

12.   MCNEARY has six felony convictions:

a)   On June 23, 1995, MCNEARY was convicted of two counts of felony robbery and two counts of felony armed criminal action, in the 21st Judicial Circuit Court, Clayton, Missouri, case number 2194R-04238-01, and was sentenced to 15 years DOC;

b)   On June 23, 1995, MCNEARY was convicted of felony tampering with service of utility, in the 21st Judicial Circuit Court, Clayton, Missouri, case number 2194R-02383-01, and sentenced to 7 years DOC;

c)   On June 23, 1995, MCNEARY was convicted of felony tampering with motor vehicle, in the 21st Judicial Circuit Court, Clayton, Missouri, case number 2193R-06910-01, and sentenced to 7 years DOC;

d)   On June 23, 1995, MCNEARY was convicted of felony attempted burglary, in the 21st Judicial Circuit Court, Clayton, Missouri, case number 2194R-04667-01, and sentenced to 7 years DOC;

e)   On September 29, 1995, MCNEARY was convicted of three counts of felony robbery, in the 22nd Judicial Circuit Court, St. Louis, Missouri, case number 22941-02488-01, and sentenced to 15 years DOC; and

f)   On September 29, 1995, MCNEARY was convicted of felony robbery, in the 22nd Judicial Circuit Court, St. Louis,

5

Missouri, case number 22941-02484-01, and sentenced to 15 years DOC;

13.   Based upon the above stated facts and circumstances, I submit that there is probable cause to believe that, on December 11, 2011, VICTOR ITE MCNEARY, JR., was a felon in possession of a firearm in Columbia, Boone County, Missouri, in violation of Title 18, United States Code, Section 922(g)(1).

14.   The facts set forth in this affidavit are true and correct to the best of my knowledge and belief.

/s/

**CHARLES H. TOMLIN**
Special Agent, ATF


Sworn to and subscribed before me on this 14th day of February, 2012.

/s/

**MATT J. WHITWORTH**
United States Magistrate Judge

6