MDR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Lee McNeary, Jr., | No.  CV 21-00514-TUC-JAS (MSA) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Campos, | |
| Respondent. | |

Petitioner Victor Lee McNeary, Jr., who is confined in the Federal Correctional Institution-Safford, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and subsequently paid the filing fee.  The Court will dismiss the § 2241 Petition and this action.

**I.      Petition**

Petitioner raises two grounds for relief.  In Ground One, he claims his "prosecution under 18 U.S.C. § 922(g) is null and void because," in light of *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), "the Government was not able to prove both that [Petitioner] knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  In Ground Two, he asserts the trial court "erred in classifying [him] as an Armed Career Criminal based on his multiple prior sentences for robbery—which were counted as a single offense."

. . . .

. . . .

## II. Discussion

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.*; *see*

*Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) ("a purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch"). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Petitioner has failed to meet his burden.

As to Ground One, Petitioner has failed to meet his burden of showing actual innocence. Petitioner cannot plausibly assert that he was unaware that he belonged to the relevant category of persons barred from possessing a firearm; he was convicted of being a **Felon** in Possession of a Firearm.[1] *See Greer v. United States*, ___ U.S. ___, ___, 141 S. Ct. 2090, 2097-98 (2021) (defendants' prior convictions constituted "substantial evidence that they knew they were felons"; "If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets.") (citation and quotations omitted); *United States v. Johnson*, 979 F.3d 632, 639 (9th Cir. 2020) ("In light of the sentences imposed in his earlier cases, [defendant] cannot plausibly argue that a jury (or judge, if he opted again for a bench trial) would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison."), *cert. denied*, 141 S. Ct. 2823 (U.S. June 21, 2021); *United States v. Kisto*, 2021 WL 2792275, at *7 (D. Ariz. Apr. 29, 2021) ("Given Movant's past felony convictions and sentences punishable (and punished) with sentences in excess of one year, he has not shown

---

[1] *See* Doc. 125 in *United States v. McNeary*, 12-04010-01-CR-C-GAF (W.D. Mo.).

- 3 -

that 'it is more likely than not that no reasonable juror would have convicted him' of violating § 922(g)(1)"), *adopted*, 2021 WL 2221037 (D. Ariz. June 2, 2021).

As to Ground Two, Petitioner has failed to meet his burden; he does not allege he did not have an unobstructed procedural shot to pursue that claim.

Thus, the Court will dismiss the § 2241 Petition and this case for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.[2]

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2) The Clerk of Court must **enter judgment accordingly and close this case**.

(3) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 6th day of January, 2022.

Honorable James A. Soto
United States District Judge

---

[2] Petitioner raised the same issues in *McNeary v. Lake*, CV 21-00511-TUC-JAS (MSA), which the Court dismissed for the same reasons discussed in this Order. *See* Doc. 3 in CV 21-00511.